IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 18, 2013 Session

## YOVONDA SHERITH CHAMBERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-68165      David M. Bragg, Judge**

---

**No. M2013-00766-CCA-R3-PC      Filed October 18, 2013**

---

The petitioner, Yovonda Sherith Chambers, appeals the denial of her petition for post-conviction relief, arguing that she received ineffective assistance of counsel and that her guilty pleas were unknowing and involuntary. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Thomas S. Santel, Jr. and Blake A. Garner, Murfreesboro, Tennessee, for the appellant, Yovonda Sherith Chambers.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In August 2010, the petitioner was indicted by the Rutherford County Grand Jury with four counts of identity theft and one count of forgery. On September 28, 2010, she pled guilty to the four counts of identity theft under a plea agreement for judicial diversion in exchange for concurrent sentences of three years on probation and the dismissal of the forgery count of the indictment. On July 29, 2011, the petitioner pled guilty to a violation of probation. She was returned to three years of probation, and her guilty pleas to the four counts of identity theft were entered as final judgments of conviction.

The petitioner filed her initial *pro se* petition for post-conviction relief on May 15, 2012, which she followed by additional *pro se* petitions. A series of counsel were appointed and on November 19, 2012, the petitioner, with the assistance of post-conviction counsel, filed an amended petition in which she raised claims of ineffective assistance of trial counsel and involuntary and unknowing guilty pleas. Specifically, she alleged that her trial counsel was deficient for not explaining to her the difference between judicial and pretrial diversion. She further alleged that she was prejudiced by counsel's deficiency in representation and that her guilty pleas were therefore unknowing and involuntary because she would not have pled guilty had she not mistakenly believed that she would be receiving pretrial, rather than judicial, diversion.

The only witness at the evidentiary hearing was the petitioner, who testified that she was forty-one years old, a high school graduate, had completed three years of college but did not have a degree, and worked in the mail room at Vanderbilt University. She said trial counsel, a pubic defender who was appointed to represent her, met with her one time at his office, where he discussed the facts of the case and potential means of resolving it, including pretrial diversion. The petitioner explained that she had researched pretrial diversion before her meeting and brought it up to counsel during their discussion about the case. Following their conversation, she completed in counsel's back office an application for pretrial diversion. She did not keep a copy of that paperwork, and she never heard back from counsel about it.

The petitioner testified that the next time she met with counsel was in the courtroom on the day that she entered her pleas. She said her understanding was that she had applied for pretrial diversion and that she was present in the courtroom that day "to get the pretrial diversion." The petitioner claimed that she knew nothing about judicial diversion and had no intention of pleading guilty and being placed on judicial diversion. She acknowledged that she signed a document entitled "Probation Conditions Pursuant to Judicial Diversion," but she insisted that she nonetheless believed that she was being placed on pretrial diversion and thought that the word "judicial" simply meant that it was an official document. She said she answered "no contest" when the trial court asked her how she wanted to plead because her understanding was that she was receiving pretrial diversion, for which she did not have to enter a guilty plea. She stated that she answered "guilty by best interest" later in the proceedings because trial counsel advised her to do so. However, she never intended to plead guilty to the offenses and had she known there was a difference between pretrial and judicial diversion, she would not have entered her pleas.

On cross-examination, the petitioner testified that her understanding from her research was that if she received pretrial diversion she would not have to enter a guilty plea, the court would place her on probation for a period of up to two years, and the case "pretty much

would start all over" if she violated the terms of her probation. She acknowledged that, despite that understanding, she said nothing to the trial judge when he told her she was being placed on three years probation. She further acknowledged that she told the trial judge that she understood that if she violated her probation, her diversion would be set aside and the convictions would be entered and would go on her record. Finally, she acknowledged that after she pled guilty and was placed on diversion in the instant case, she was convicted of identity theft in Williamson County based on a later-occurring offense.

At the conclusion of the hearing, the post-conviction court found that the petitioner failed to prove by clear and convincing evidence that trial counsel's performance was deficient or that she was prejudiced as a result. The post-conviction court further found that the petitioner entered knowing and voluntary guilty pleas pursuant to judicial diversion. Among other things, the court noted that the petitioner was actively listening and participating during the plea submission hearing and that there was no record of her having filed any application for pretrial diversion. The post-conviction court, therefore, denied the petition. This appeal followed.

## ANALYSIS

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal

cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he or she would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court

about the charges against the defendant and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

In support of her argument that her guilty pleas were involuntary and unknowing due to counsel's alleged failure to discuss judicial diversion with her and her mistaken belief that she was receiving pretrial, rather than judicial, diversion, the petitioner cites her initial response to the trial court at the plea submission hearing that she was pleading "no contest" to the charges, as well as her testimony at the evidentiary hearing that the only type of diversion counsel discussed was pretrial, which was why she believed she would be receiving pretrial diversion at the time she entered her pleas.

The record, however, fully supports the post-conviction court's findings that the petitioner received effective assistance of counsel and entered her pleas knowingly and voluntarily. As the State points out, the post-conviction court, in rejecting the petitioner's claims, demonstrated that it did not believe her testimony that trial counsel failed to explain the plea to her or that she did not understand that she was receiving judicial diversion. Furthermore, the transcript of the guilty plea hearing reveals that the petitioner, a relatively well-educated and intelligent woman who, by her own testimony, acted on her own initiative to research the law on pretrial diversion, answered appropriately to the trial court when questioned, among other things, about whether she understood her plea agreement and the fact that her judgments would be entered and become part of her permanent record should she fail to comply with the conditions of her diversion. We conclude, therefore, that the evidence does not preponderate against the post-conviction court's findings that the petitioner received effective assistance of counsel and that her guilty pleas were knowingly and voluntarily entered.

## CONCLUSION

Based on our review, we conclude that the petitioner has failed to meet her burden of showing that she received ineffective assistance of counsel or that her guilty pleas were unknowing and involuntary. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE

-5-